The TIMES JOURNAL COMPANY,
Plaintiff,

v.

DEPARTMENT OF the AIR
FORCE, Defendant.

Civ. A. No. 90–1383.

United States District Court,
District of Columbia.

Sept. 30, 1991.

Marina Utgoff Braswell, U.S. Attorney's Office, Washington, D.C., for defendant, Dept. of Air Force.

Martin Wald, Covington & Burling, Washington, D.C., for plaintiff, Times Journal Co.

## MEMORANDUM OPINION

NORMA HOLLOWAY JOHNSON, District Judge.

This is an action under the Freedom of Information Act ("FOIA" or "Act"), 5 U.S.C. § 552, in which plaintiff, the Times Journal Company ("Times Journal"), publisher of various newspapers and periodicals including *Air Force Times*, a weekly publication directed toward present and former members of the Air Force, seeks access to records related to defendant's Computer Assisted Telephone Interview ("CATI") surveys and related documents. Defendant, the Department of the Air Force ("Air Force" or "Department"), contends that the information requested by plaintiff falls under Exemption 5 of the Act, 5 U.S.C. § 552(b)(5).

Currently pending before the Court are cross-motions for summary judgment. For the reasons discussed herein, the Court concludes that the documents in question fall within Exemption 5 and, therefore, grants the motion of defendant for summary judgment.

## BACKGROUND

By letter dated November 15, 1989, plaintiff asked defendant to produce, pursuant to FOIA, all records pertaining to existing analyses, briefing papers and summaries of Air Force CATI surveys conducted since 1985 by Market Facts, Inc. ("MFI"). Since that year at least twelve CATI surveys of Air Force personnel have been conducted for the Department by MFI. The purpose of these surveys has been to gather data on the opinions and perceptions of Air Force personnel regarding pay, working conditions, and other topics.

The Air Force FOIA Manager advised plaintiff by letter dated December 5, 1989, of the need for a more specific statement of the information and topics sought. The Times Journal advised the Department in a December 12, 1989, letter that it sought access to CATI survey results discussing pay, working conditions, training, commissaries, bonuses, the enlisted evaluation system, the officer evaluation system and pilot retention. By letter dated February 9, 1990, the Air Force released seven pages of information responsive to plaintiff's narrower FOIA request and withheld in full approximately six thousand pages pursuant to FOIA's Exemption 5.

## DISCUSSION

■ Exemption 5 excludes from FOIA's broad disclosure requirements "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). The exemption incorporates the deliberative process privilege, whereby an agency may withhold documents "reflecting the advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150, 95 S.Ct. 1504, 1516, 44 L.Ed.2d 29 (1974) (citation omitted).

In order to determine the propriety of defendant's Exemption 5 claim, the Court must determine whether the materials requested are inter- or intra-agency materials, whether they are pre-decisional, and whether they are deliberative. *Sears*, 421 U.S. 132, 95 S.Ct. 1504; *Quarles v. Dep't of Navy*, 893 F.2d 390 (D.C.Cir.1990); *Wolfe v. Dep't of Health and Human Services*, 839 F.2d 768 (D.C.Cir.1988). In this action, the parties do not dispute that the results of the Air Force CATI surveys are for use within the Air Force and are pre-decisional. This case turns on whether or not the requested information is deliberative in nature.

In *Wolfe*, the Court of Appeals for the District of Columbia Circuit stated that in order to determine whether requested information is deliberative in nature, the Court "must examine the information requested in light of the policies and goals that underlie the deliberative process privilege." 839 F.2d at 774. The deliberative process privilege is designed to facilitate and encourage the frank discussion of legal or policy matters in writing and to prevent injury to the quality of agency decisions. *Sears*, 421 U.S. at 150–51, 95 S.Ct. at 1516–17. A decision to withhold release of materials under Exemption 5 should "rest fundamentally on the conclusion that, unless protected from public disclosure, information of that type would not flow freely within the agency." *Mead Data Central, Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 256 (D.C.Cir.1977).

Moreover, the deliberative process privilege is "dependent upon the individual document and the role it plays in the deliberative process," *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 867 (D.C.Cir.1980). An understanding of the function of the documents at issue in the context of the administrative process generating them is a "crucial" aspect of the Exemption 5 analysis. *Sears*, 421 U.S. at 138, 95 S.Ct. at 1510. The burden is on the agency to show the character of the documents at issue and their role in the deliberative process. *Vaughn v. Rosen*, 523 F.2d 1136, 1144 (D.C.Cir.1975). As with other FOIA exemptions, Exemption 5 "is to be construed 'as narrowly as consistent with efficient Government operation.'" *Wolfe*, 839 F.2d 768, 773–74 (citation omitted).

Defendant argues that the survey results contain the opinions and recommendations of Air Force personnel and are used by behavioral analysts to make briefings and recommendations to the Director of Personnel on how to fashion Department policies. Defendant contends that if the information is released it will cause public confusion about the underpinnings of Air Force policy, lead to premature disclosure of future policy, and inhibit future survey participants from either candidly expressing themselves or participating at all in the surveys.

In order to sustain its burden the Air Force must present affidavits showing, with reasonable specificity, that the withheld documents fall into the exemption claimed. Affidavits in support of exemptions will not suffice if they are conclusory, mere repetitions of the statutory language, or if they include sweeping, vague claims. *Hayden v. National Security Agency*, 608 F.2d 1381, 1387 (D.C.Cir.1979) (citations omitted) *cert. denied* 446 U.S. 937, 100 S.Ct. 2156, 64 L.Ed.2d 790 (1980).

The Department submits two affidavits from Major Judy K. Roomsburg, Air Staff Policy Analyst for the Air Force. The Court concludes that Roomsburg's affidavits effectively demonstrate that the information requested falls within Exemption 5. Roomsburg states that the CATI program is used by the Air Force to collect data on attitudes and opinions from department personnel. Those data are conveyed to the Director of Personnel who uses the information to assist in the formulation of Air Force personnel policy. Roomsburg's explanation of the function of the CATI program demonstrates that the survey data play a meaningful role in the formulation of Department policy.

The Roomsburg declarations also demonstrate that the CATI survey serves as a vehicle by which Air Force personnel may candidly share their opinions with and pro-

vide advice to Air Force policymakers. The affidavits suggest further that the survey presents a unique opportunity for candid exchange between personnel and policymakers. If survey respondents are not promised confidentiality they will, as Roomsburg predicts, be less likely to express their opinions candidly, thus depriving Air Force policymakers of valuable and necessary information. The absence of these candid opinions would likely result in the implementation of Air Force policies which do not respond to the actual needs of Department personnel.

In addition to thwarting the ability to elicit candid and frank responses from Air Force personnel to survey questions, release of the requested information could hamper the very formulation of the CATI survey questions. Roomsburg states that plaintiff seeks access to documents which include analyses and recommendations on questions which should be contained in the survey. Release of such information could inhibit personnel administrators from broaching certain subjects by way of the CATI survey even when feedback from Air Force personnel on those subjects is needed. Such a result would also frustrate the decisionmaking process by making it impossible for Department policymakers to acquire needed information.

Plaintiff, on the other hand, contends that it seeks factual data in the form of aggregate survey results reflecting the objective measurement of the opinions and attitudes of randomly selected members of the Air Force. Plaintiff asserts that the requested material will not reveal the Department's decisionmaking processes because the survey participants were not acting as policy advisors but merely as survey subjects. Plaintiff also stresses that since it is not seeking individual responses to survey questions but only aggregate survey results, individuals will not be inhibited from participating in future surveys.

Even if plaintiff requested only numerical statistics about the opinions expressed by survey respondents, FOIA would not automatically provide plaintiff with access to the information. The primary concern the Court must address is the impact that disclosure of opinion or fact would have on the Department's decisionmaking process. *Quarles*, 893 F.2d at 392. As discussed above, the goal of the survey is to elicit the forthright opinions of Air Force personnel on various topics. Even if these opinions were transformed into numerical statistics, release of the statistics would harm the decisionmaking process in two ways. First, exposure of aggregate opinions of respondents would deny confidentiality, thereby impairing the candid flow of views and preventing policymakers from obtaining valuable information. Second, such statistics would expose the areas of inquiry deemed important by policymakers. Thus, disclosure of aggregate opinion data could stifle or compromise the development of CATI survey questions and the respondent's candor in answering such questions.

Nor does the Court find plaintiff's distinction between survey respondents and policy advisors compelling. The Roomsburg declarations demonstrate that the opinions expressed by Air Force personnel are taken into account by policymakers in their formulation of Department programs and procedures. To the extent that the opinions of the survey respondents are incorporated into Department policy, the survey respondents are acting as advisors to Air Force decisionmakers.

Finally, with respect to the issue of confidentiality, plaintiff exclusively focuses on protecting against disclosure of individual responses. However, this is only one of the confidentiality concerns that a respondent might have since anonymity may be compromised in other ways as well. For example, Roomsburg cites an instance where the sample size is so small that a response could be narrowed to an individual respondent. By ensuring complete confidentiality, the Department is able to allay any fears respondents might have about suffering repercussions based upon criticism and critique of Department policies.

Because the release of CATI survey results, whether in the form of subjective opinions or objective statistics, is likely to

hamper the flow of candid opinions from Air Force personnel to policymakers, it will impair the policy formulation and decision-making processes. Similarly, disclosure of information concerning survey methodology could also prevent the Air Force from seeking information from those most affected by personnel policies. The Court, therefore finds that the information requested by plaintiff falls within Exemption 5 and was rightfully withheld by defendant. Accordingly, the Court grants defendant's motion for summary judgment. An Order consistent with this Memorandum Opinion will issue.

### ORDER AND JUDGMENT

Upon consideration of the cross-motions for summary judgment, and in accordance with the accompanying Memorandum Opinion, it is this 30th day of September, 1991,

ORDERED that defendant's motion for summary judgment be, and hereby is, granted; and it is further

ORDERED that judgment be, and hereby is, entered in favor of defendant.